KELLER, P.J.,
filed a dissenting opinion.
The rules of appellate procedure provide for a remedy when a certification is defective,[1] not when it is inaccurate. For inaccuracies, the remedy is usually going to be habeas corpus. Rule 25.2(d)[2] says:
The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.
By our very own rule, we have no choice in the matter.
The purpose of the certification requirement in Rule 25.2(d) is to efficiently sort the appealable cases from the non-appeal-able. It helps appealable cases advance through the system unhindered and intercepts non-appealable cases at an early stage. It forecloses the dismaying waste of time, money, and effort on non-appeal-able cases, and allows these resources to be devoted to legitimate appeals. The certification requirement accomplishes this task with the help of Rule 25.2(e), which requires the trial court clerk to “immediately” send a copy of the certification (and the notice of appeal) to the appropriate court of appeals. Early receipt of this information enables the courts of appeals to act quickly to dismiss appeals that are barred by Rule 25.2(a)(2), so that the clerk’s and court reporter’s records need not be prepared, counsel need not be appointed, and briefs need not be filed.
While I dissent because I disagree with the Court’s interpretation of “defective,” it is nevertheless true that equating “defective” with “inaccurate” may sometimes serve to streamline appeals, as is intended by Rule 25.2(b). This case provides such an example because here there was affirmative reason to believe the certification was incorrect. While the certification indicated that this was a plea-bargain case, the docketing statement[3] indicated that it was not, so the Court of Appeals had reason to doubt the accuracy of the certification. It was this doubt that led to further inquiry into the case and the discovery that appellant did have the right to appeal.
The Court points out that a court of appeals can dismiss an appeal at a very *602 early stage, when all that is before the appellate court is the notice of appeal and the certification — and perhaps the docketing statement if timely filed — and that dismissal will be upheld so long as the certification appears correct based on the limited record available at the time. I agree, but I would take this opportunity to make it clear that under Rule 25.2, there will normally be no record on appeal in cases that are not certified by the trial court as ap-pealable. Appellate courts should be able to determine from the certification alone whether a defendant has the right to appeal. In the rare cases where preparation of a record would have revealed an inaccuracy in the certification, the defendant may obtain relief by habeas corpus.
I respectfully dissent.

.See TEX. R. APP. P. 37.1.

. All references to rules are to the Texas Rules of Appellate Procedure.

. See TEX. R. APP. P. 32.2.